IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:04-CR-0338 |
| | : |
| v. | : (Judge Conner) |
| | : |
| **DARYL BELL** | : |

### ORDER

AND NOW, this 13th day of July, 2007, upon consideration of the motion (Doc. 171) of the United States to reduce the sentence previously imposed on defendant in the above-captioned case, see FED. R. CRIM. P. 35(b)(2)(B) ("Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing . . . ."); United States v. Foisy, No. 04-0029-2, 2006 WL 42402, at *1 (E.D. Pa. Jan. 6, 2006) ("[Rule 35(b)] motions are addressed entirely to the discretion of the district judge; the judge can deny such motions for virtually any reason or for no reason at all." (quoting Diggs v. United States, 740 F.2d 239, 249 (3d Cir. 1984))); see also Gov't of Virgin Islands v. Gereau, 603 F.2d 438, 443 n.3 (3d Cir. 1979) ("The decision as to whether to hold a hearing on a Rule 35 motion is committed to the discretion of the district court."), and it appearing that defendant provided substantial assistance to the government by revealing information regarding a real estate fraud scheme perpetrated in Southern California (see Doc. 171 at 3), and the court finding that a four-month reduction accords with the Sentencing

Commission's guidelines and policy statements and is appropriate in light of defendant's assistance to the government and the nature of the offense of conviction, see FED. R. CRIM. P. 35(b), and that such a sentence satisfies the purposes set forth in 18 U.S.C. § 3553(a)—including the necessity of deterrence and just punishment, promotion of respect for the law, protection of the public, avoidance of unwarranted disparities, and assurance of correctional treatment for the defendant and restitution to the victims of the offense—and reflects full consideration of all factors relevant to the sentencing determination—including the nature and seriousness of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the advisory range and policies prescribed by the United States Sentencing Commission, it is hereby ORDERED that:

1. The motion to reduce sentence for substantial assistance (Doc. 171) is GRANTED. See FED. R. CRIM. P. 35(b).

2. The judgment (Doc. 139) in the above-captioned case is AMENDED only to reflect that defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty (30) months. See FED. R. CRIM. P. 35(b).

    a. This amendment relates back to the date of the original judgment, which shall otherwise remain unchanged.

    b. Any condition of the original judgment of sentence that has been fully or partially satisfied by the defendant shall be credited towards the amended judgment.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge